IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID HALE,

    Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social
Security,

    Defendant.

Case No. 3:16-cv-257

JUDGE WALTER H. RICE

MAGISTRATE JUDGE
SHARON L. OVINGTON

---

DECISION AND ENTRY ADOPTING REPORT AND
RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE
(DOC. #11), AND OVERRULING OBJECTIONS OF DEFENDANT
NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL
SECURITY, TO SAID JUDICIAL FILING (DOC. #12); JUDGMENT TO BE
ENTERED IN FAVOR OF PLAINTIFF DAVID HALE AND AGAINST THE
DEFENDANT COMMISSIONER, REVERSING THE COMMISSIONER'S
DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE,
NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT,
AND REMANDING THE CAPTIONED CAUSE TO THE COMMISSIONER
UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR
IMMEDIATE AWARD OF BENEFITS; TERMINATION ENTRY

---

Plaintiff David Hale ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On July 28, 2017, Magistrate Judge Sharon L. Ovington filed a Report and Recommendations, Doc. #11, recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, be vacated, and remanded to the Commissioner for payment of benefits. Based upon reasoning and

citations of authority set forth below, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #6; Doc. #7, and a thorough review of the applicable law, this Court ADOPTS the Report and Recommendations, Doc. #11, and OVERRULES the Commissioner's Objections, Doc. #12, to said judicial filing. The Court, in so doing, orders the entry of judgment in favor of Plaintiff and against the Commissioner, reversing the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act, as not supported by substantial evidence, and remanding the matter to the Commissioner under the fourth sentence of 42 U.S.C. § 405(g) for an immediate award of benefits.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d

2

126 (1938)). "Substantial evidence means more than a mere scintilla, but only so much as would be required to prevent a directed verdict."[1] *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

---

[1] Now known as a "Judgment as a Matter of Law." Fed. R. Civ. P. 50.

3

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. Plaintiff's disability claim is before this Court for a second time. On December 16, 2011, Administrative Law Judge ("ALJ") Mary F. Withum issued a finding of non-disability, which the Appeals Council affirmed on March 27, 2013. Doc. #6-2, PAGEID #62, 77. As part of that finding, ALJ Withum discounted the opinion of Richard Gaeke, M.D., Plaintiff's treating physician, and gave greater weight to the opinions of Elizabeth Das, M.D. and Arthur Sagone, M.D., the Commissioner's record reviewing physicians. *Id.*, PAEGID #89. However, this Court reversed the Commissioner's finding and remanded the captioned cause for further proceedings, concluding that ALJ Withum had failed to perform a proper application of the treating physician rule as to Dr. Gaeke, and had improperly weighed Dr. Das's opinion. Accordingly, the Court concluded, the ALJ's finding of non-disability was not supported by substantial evidence. *Hale v. Colvin* 3:13-cv-182, 2014 WL 868124 (S.D. Ohio Mar. 5, 2014) (Ovington, Mag. J.), *Report and Recommendations adopted*, 2014 WL 4829539 (S.D. Ohio Sept. 29, 2014) (Rice, J.).

Plaintiff's claim was remanded to the Commissioner so as to "give further explanation to the weight assigned to the opinions of the claimant's treating physician, Dr. Gaeke, and to evaluate further the credibility of the claimant's subjective allegations." Doc. #7-1, PAGEID #582. On April 29, 2015, Plaintiff had a hearing before ALJ Elizabeth Motta, at which H.C. Alexander, III, M.D., a medical expert, testified. *Id.* On December 29, 2015, ALJ Motta issued a new decision, again finding

4

that Plaintiff was not disabled. *Id.*, PAGEID #579. In so concluding, ALJ Motta accorded significant weight to the opinions of Drs. Alexander, Das and Sagone, but only moderate weight to Dr. Gaeke's February 2015 interrogatory responses, and little weight to his opinion from 2011 and his September 2015 letter to the Commissioner. Doc. #7-1, PAGEID #593-95 (citations omitted); Doc. #12, PAGEID #1503, 1504.

2. In reaching her decision, however, ALJ Motta misapplied the treating physician rule, 20 C.F.R. § 404.1527(c)(2), a two-step process which ALJ Motta was required to undertake in deciding the weight to accord Dr. Gaeke's opinions. In his September 2015 letter, Dr. Gaeke opined that Plaintiff "is unable to maintain employment due to the severity and refractory of his symptoms[,]" Doc. #7-7, PAGEID #1422, and in so doing, reached a conclusion that is reserved for the Commissioner. Soc. Sec. R. 96-5p, 1996 WL 374183, at *2 (Jul. 2, 1996). However, and contrary to the Commissioner's Objection, Doc. #12, PAGEID #1503-04, Dr. Gaeke simply opining as to the ultimate issue of disability is not grounds for rejecting the entire opinion. Rather, the ALJ should have discounted that statement and considered the remainder of Dr. Gaeke's letter, which was the product of being Plaintiff's only treating gastroenterologist since at least 2004. Doc. #11, PAGEID #1496-97 (citing *Bjornson v. Astrue*, 671 F.3d 640, 647-48 (7th Cir. 2012); *Kalmbach v. Comm'r of Soc. Sec.*, No. 09-2076, 409 F. App'x 852, 861 (6th Cir. 2011)).

3. The Commissioner's Objections are mostly focused on her argument that ALJ Motta properly gave little or moderate weight to Dr. Gaeke's opinions. Doc. #12.

5

However, ALJ Motta was allowed to discount those opinions at step two of the treating physician rule <u>only if</u>, at step one, she concluded that his opinions were not "well-supported by medically acceptable clinical and laboratory diagnostic techniques [or] is [] inconsistent with the other substantial evidence in your case record[.]" 20 C.F.R. § 404.1527(c)(2). If ALJ Motta could not reasonably conclude that either one of those conditions was met, then she was required to give Dr. Gaeke's opinions controlling weight. *Id.* Dr. Gaeke's treatment notes are replete with evidence of a lengthy history of frequent, bloody diarrhea, and at no point in those notes does Dr. Gaeke "indicate that Plaintiff's pain decreased with an opiate or that his diarrhea stopped—or even slowed down—with medication. Instead, he indicates that it is stable: it has not changed." Doc. #11, PAGEID #1493. Thus, Dr. Gaeke's opinions are well-supported and internally consistent.

Further, while ALJ Motta relied heavily on the testimony of Dr. Alexander, who reviewed the medical evidence of record available to him, and testified that Plaintiff's weight gain "is inconsistent with the frequency and severity of [Plaintiff's] alleged bowel symptoms." Doc. #7-1, PAGEID #595. Yet, ALJ Motta ignored the fact that Dr. Alexander proceeded to testify thusly: "I'm not his treating physician. I'm not in a position to base my observations on the acceptance of the credibility of what he's alleging when he comes in and says he's having twenty bloody stools a day." Doc. #7-1 PAGEID #719. Dr. Gaeke's treatment of Plaintiff, including "six colonoscopies, all of which showed some evidence of Crohn's disease," Doc. #11, PAGEID #1495 (citing Doc. #7-7, PAGEID #1419), put him in the unique position of being able to evaluate the credibility of Plaintiff's subjective statements as to the frequency and severity of his

6

diarrhea. Thus, Dr. Alexander's testimony does not constitute substantial evidence of record that justifies a refusal to give controlling weight to Dr. Gaeke's opinions.

Finally, the residual functional capacity ("RFC") assessments of Drs. Das and Sagone cannot be used to justify giving reduced weight to Dr. Gaeke's opinions. Dr. Das and Sagone's assessments were completed on March 1, 2010, and August 16, 2010, respectively. Doc. #6-7, PAGEID #447, 473. Consequently, they did not have access to Dr. Gaeke's treatment records after that date, which included, among other information, a November 22, 2011, statement that prescription medication had not yielded "subjective clinical improvement" as to his symptoms, *id*., PAGEID #547, and a July 2014 finding that Plaintiff was experiencing between fifteen and twenty episodes of diarrhea per day, along with chronic musculoskeletal and abdominal pain. Doc. #7-6, PAGEID #975-76. Further, in neither Dr. Das nor Dr. Sagone's opinion was Dr. Gaeke's treatment records ever mentioned.[2] As Dr. Gaeke's opinions were both the product of acceptable clinical and diagnostic techniques and not inconsistent with other evidence of record, they were entitled to controlling weight at step one of the treating physician rule, 20 C.F.R. § 404.1527(c)(2), and the ALJ's failure to assign such weight was legal error.

4. Dr. Gaeke's opinions as to Plaintiff's work-related limitations were based in part upon Plaintiff's episodes of bloody diarrhea, which occur more than once every two hours. Doc. #7-6, PAGEID #975. Further, Plaintiff testified that each of those

---

[2] In her evaluation, Dr. Das stated that there was no treating source "statement regarding [Plaintiff's] physical capacities." Doc. #6-7, PAGEID #446. However, the medical evidence of records shows records of Plaintiff being treated by Dr. Gaeke as early as September 28, 2004. *Id*., PAGEID #474.

incidents causes him to be in the bathroom for at least fifteen minutes. Doc. #7-1, PAGEID #693. ALJ Motta's RFC only allowed Plaintiff to be off-task for five percent of an eight hour workday, and the Commissioner's Vocational Expert testified that it would be difficult for someone off-task at least ten percent of a workday to sustain competitive employment. *Id.*, PAGEID #590, 730-31. Thus, the Court sees no circumstance in which properly accounting for Plaintiff's gastrointestinal limitations—which would require him to be off task for at least twelve percent of the workday—would still allow the Commissioner to meet her burden of showing that there exists a significant number of jobs in the national economy that Plaintiff is capable of performing. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560(c). As proof of Plaintiff's disability is overwhelming, remand for an immediate award of benefits, rather than for further proceedings, is appropriate. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

WHEREFORE, based upon the aforesaid, this Court adopts in full the Report and Recommendations of the United States Magistrate Judge, Doc. #11, and overrules the Commissioner's objections to said judicial filing. Doc. #12. Judgment shall enter in favor of Plaintiff and against the Defendant Commissioner, reversing the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act, and remanding the captioned cause to the Defendant Commissioner, pursuant to the fourth sentence of 42 U.S.C. § 405(g), for an immediate award of benefits.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: September 19, 2017

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE